# In the United States Bankruptcy Court for the District of Maryland

In re:

**TABISH MANZOOR SYED,**

    *Debtor.*

Bankruptcy No. 18-1-7512 NVA

Chapter 11

**PARTIAL OBJECTION TO PROOF OF CLAIM OF MAYOR AND CITY COUNCIL OF BALTIMORE (CLAIM NO. 20)**

**Now Comes** Debtor, by counsel The Weiss Law Group, LLC and Brett Weiss, and objects in part to Proof of Claim No. 20 filed by the Mayor and City Council of Baltimore ("Baltimore City"), and states:

    1.    This is a core matter under 28 U.S.C. §§ 157(b)(2)(B) and (L), over which the court has jurisdiction to enter final orders under 28 U.S.C. §§ 151 and 1334. To the extent this Court may lack the authority to enter a final judgment in this matter pursuant to the holdings in *Stern v. Marshall,* 131 S.Ct. 2594 (2011) and *Wellness International Network, Ltd. v. Sharif,* ___ S.Ct. ___ (2015), Debtors consent to this Court's entry of a final judgment.

    2.    The within case was filed on June 4, 2018, and converted to one under Chapter 11 on October 15, 2018. The Chapter 11 Plan has not yet been confirmed.

    3.    Baltimore City has filed a secured Proof of Claim as Claim No. 20 herein (the "Claim") in the amount of $2,514.77.

    4.    The Claim includes alleged municipal work orders for a number of the Debtor's properties. Of import here are the charges for the property known as 2225 Christian Street, Baltimore, Maryland (the "Property"). Prior to the filing of the within case, in 2011, the Property was sold at foreclosure auction, that auction sale was ratified, and the auditor filed a final report. *James W. Holderness v. Tabish Syed,* No. 24O11000153, Circuit Court for Baltimore City.

    5.    Once the "gavel falls" at the foreclosure auction, the pre-foreclosure owner is divested of equitable ownership in the property, retaining only bare legal title. Upon ratification, even the bare legal title is divested from the pre-foreclosure owner, and the

foreclosure purchaser becomes the sole owner of all interests in the property, both legal and equitable. *In re De Souza,* 135 B.R. 793 (Bankr.Md.1991). *See Union Trust Co. v. Biggs,* 153 Md. 50, 55-56, 137 A. 509, 512 (1927). Thus, upon ratification, the Debtor herein lost all ownership interest in and to the Property, both legal and equitable.

Unfortunately, despite the foreclosure sale having been ratified more than 8 years ago, the foreclosure purchaser has failed to record the sheriff's deed formally transferring title to the foreclosure purchaser. This common problem results in precisely the situation presented in this (and other) cases: the City does not know who the true owner of the Property is, and water and sewer bills, property taxes, municipal fines, and municipal work orders are issued to the "record owner" instead of to the actual owner of the Property. *See, e.g.,* https://archive.triblive.com/business/local-stories/some-banks-dont-record-deed-in-foreclosure-neglect-property/

6. Because the Debtor was not the actual owner of the property, even though his name appears on the SDAT records due to the foreclosure purchaser's failure to timely record a sheriff's deed, the charges sought to be imposed upon him as asserted in the Proof of Claim are not his liability.

7. Debtor has no objection to the asserted liens being enforced *in rem* against the Property. He does object to their being enforced against him through the within case.

𝔚𝔥𝔢𝔯𝔢𝔣𝔬𝔯𝔢, Debtor prays that this Court:

A. Disallow the Proof of Claim of Baltimore City insofar as it relates to the Property; and

B. Order such other and further relief as to the Court may seem proper.

November 27, 2019                                   Respectfully Submitted,

                                                    THE WEISS LAW GROUP, LLC


                                                    By:        /s/ Brett Weiss
                                                         BRETT WEISS, #02980
                                                         6404 Ivy Lane, Suite 650
                                                         Greenbelt, Maryland 20770
                                                         (301) 924-4400

brett@BankruptcyLawMaryland.com

NOTICE:

WITHIN THIRTY (30) DAYS OF THE DATE OF THE CERTIFICATE OF SERVICE, YOU MUST FILE AND SERVE A RESPONSIVE MEMORANDUM OPPOSING THE OBJECTION TO CLAIM AND REQUEST A HEARING IF DESIRED, UNLESS YOU WISH TO RELY SOLELY UPON THE PROOF OF CLAIM, AND BE FURTHER ADVISED THAT A HEARING MAY BE HELD IN THE COURT'S DISCRETION.

## CERTIFICATE OF SERVICE

**I hereby certify** that on the 27th day of November, 2019, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing document will be served electronically by the Court's CM/ECF system on the following:

Elizabeth Marian Abood-Carroll    ANHSOrlans@InfoEx.com
Daniel O. Callaghan    bankruptcy@bww-law.com
Leah Christina Freedman    leah.freedman@bww-law.com
Katherine A. (UST) Levin    Katherine.A.Levin@usdoj.gov
James C. Olson    jolson@jamesolsonattorney.com
Malcolm Brooks Savage    ecf@logs.com
William M. Savage    ecf@logs.com, bsavage@logs.com
US Trustee - Baltimore    USTPRegion04.BA.ECF@USDOJ.GOV
Gerard R. Vetter    gerard.r.vetter@usdoj.gov

**I hereby further certify** that on the 27th day of November, 2019, a copy of **Error! Reference source not found.** was also mailed first class mail, postage prepaid, to:

Mayor and City Council of Baltimore
200 N. Holliday Street, Room 1 Bankruptcy
Baltimore, Maryland 21202
*Being the notice address shown on the Proof of Claim*

Tammy Hollie
Collections Supervisor II
Mayor and City Council of Baltimore
200 N. Holliday Street, Room 1 Bankruptcy
Baltimore, Maryland 21202
*Being the person who signed the Proof of Claim*

_____/s/ Brett Weiss_____

THE WEISS LAW GROUP, LLC
6404 IVY LANE SUITE 650
GREENBELT, MD 20770
(301) 924–4400

– 3 –

Brett Weiss

THE WEISS LAW
GROUP, LLC
6404 IVY LANE SUITE 650
GREENBELT, MD 20770
(301) 924–4400

– 4 –